UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-21820-GAYLES

ANDRES OCAMPO,

       Plaintiff,

v.

CARRINGTON MORTGAGE
SERVICES, LLC,

       Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Carrington's Motion to Dismiss Amended Complaint [ECF No. 21]; Carrington's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 27]; Carrington's Motion for Summary Judgment [ECF No. 53]; Plaintiff's Motion for Partial Summary Judgment as to Liability only on Counts I, III, and IV of the First Amended Complaint [ECF No. 55]; and Defendant's Motion for Rule 11 Sanctions [ECF No. 65]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons that follow, the Court dismisses this action for lack of subject matter jurisdiction as the Plaintiff has no standing to bring his claims.

## INTRODUCTION

The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1601 *et seq.*, is a remedial "consumer protection statute that regulates the real estate settlement process." *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). The primary issue in this case is whether an individual with no legal interest in a property and with no financial obligation for that

property can avail himself of the remedies under RESPA. The answer, as governed by both common sense and legal standing principles, is no. Indeed, while RESPA was designed to protect consumers from high settlement charges and abusive practices, parties should not be permitted to utilize loss mitigation procedures—from which they can never obtain relief—simply to manufacture a cause of action. *See Landau v. Roundpoint Mortgage Servicing Corp.*, No. 16-cv-62795, 2017 WL 960214, at *4 (S.D. Fla. Mar. 13, 2017) ("Although RESPA is a remedial statute, the Court need not construe it (or its implementing regulation) so liberally as to create a cause of action where none exists.").

## BACKGROUND

On June 11, 2017, Plaintiff Andres Ocampo ("Plaintiff") and Rosario Sanchez ("Sanchez") purchased a property located at 9419 NW 54th Cir. Lane in Doral, Florida (the "Property"), by executing a $650,000 promissory note (the "Note") and a mortgage (the "Mortgage") in favor of Suntrust Mortgage, Inc. [ECF No. 52-1]. Approximately nine months later, on March 3, 2008, Plaintiff transferred his ownership interest in the Property to Sanchez via a duly recorded quit claim deed. [ECF No. 52-2]. By September 1, 2008, the Note and Mortgage were in default. Suntrust then initiated a foreclosure action against Plaintiff and Sanchez in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Foreclosure Action") [ECF No. 52-3]. On July 10, 2012, Suntrust dropped Plaintiff as a party from the Foreclosure Action. [ECF No. 52-5].

In 2013, Plaintiff filed a petition for bankruptcy in the Eastern District of New York. On November 18, 2013, Plaintiff obtained a discharge of personal indebtedness for the Note. [ECF No. 52-5]. On December 10, 2013, after Plaintiff no longer had a legal interest in the Property or an obligation under the note and after Plaintiff had been dismissed from the Foreclosure Action,

the Florida Circuit Court entered a final judgment of foreclosure on the Property.[1] [ECF No. 52-13].

In 2015, Plaintiff filed a second bankruptcy petition, this time in the Southern District of Florida, where he listed the Property as an asset of the estate [ECF No. 52-7].[2] On Plaintiff's request, the Bankruptcy Court issued an order referring Plaintiff and Shellpoint Mortgage Servicing, the mortgage servicers at that time, to Mortgage Modification Mediation ("MMM"). [ECF No. 52-9].[3] In April 2016, after Plaintiff and Shellpoint Mortgage Servicing began the MMM process, Defendant Carrington Mortgage Services, LLC, ("Defendant") became the loan servicer and assumed all communications with Plaintiff regarding a potential loan modification. Defendant later denied the requested loan modification.

On May 17, 2017, Plaintiff filed this action against Defendant alleging that Defendant violated several provisions of RESPA. [ECF No. 1]. On August 10, 2017, Plaintiff filed an Amended Complaint, adding a claim for negligence *per se* under Florida law. [ECF No. 14].

On August 22, 2017, Defendant moved to dismiss the Amended Complaint arguing that Plaintiff failed to state a RESPA claim because Defendant is not a servicer and Plaintiff suffered no damages as a matter of law. Defendant also argued that it owed no duty to Plaintiff to support a claim for negligence *per se*. On September 1, 2017, following a status conference wherein the Court questioned whether the Plaintiff had standing to bring his claims, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. Before the Court resolved the motions to dis-

---

[1] A foreclosure sale was scheduled for November 28, 2017. As of the date of this Order it was unclear whether the property had been sold.

[2] For purposes of this Order, the Court does not address whether Plaintiff or his bankruptcy counsel committed a fraud on the Bankruptcy Court by listing the Property as an asset of his estate long after he had transferred his interest in the Property to Sanchez and after he had been discharged of the debt.

[3] The Court notes that in his motion for a referral to Mortgage Modification Mediation, Plaintiff first checked the box indicating that the Property was his primary residence, but later checked a box that he intended to modify a Mortgage on a property that was not his primary residence. In addition, Plaintiff represented to the Bankruptcy Court that both he and Sanchez were obligated on the Note and Mortgage, which, by that time, was false.

3

miss, on November 17, 2017, Defendant filed a motion for summary judgment raising the same arguments from its motions to dismiss and the new argument that Plaintiff's loan modification review was governed exclusively by the Bankruptcy Court's order and not RESPA. On November 27, 2017, Plaintiff filed a motion for summary judgment as to liability on Counts I, III, and IV of the Amended Complaint. On December 12, 2017, Defendant filed a Motion for Sanctions arguing that Plaintiff should be sanctioned for filing a frivolous lawsuit.

## LEGAL STANDARD

The Court reviews Plaintiff's claims pursuant to both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction relating to Plaintiff's Article III standing and 12(b)(6) based on Plaintiff's lack of statutory standing and failure to adequately state a claim for relief.[4]

*Rule 12(b)(6) Motion for Failure to State a Claim*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the–defendant–unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a

---

[4] Because the Court is dismissing this action for lack of subject matter jurisdiction, it does not analyze the competing motions for summary judgment. The Court does, however, reference some of the uncontested evidence submitted in support of the motions for summary judgment. *See Maxcess v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005)

plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997). In reviewing a 12(b) motion, the Court is largely limited to the allegations in the Complaint and the attached exhibits. However, "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

*Rule 12(b)(1) Motion for Lack of Subject Matter Jurisdiction*

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[5] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645 F.2d at 413), and the plaintiff bears the burden to prove the

---

[5] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## DISCUSSION

### I. STANDING

"[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). As the party invoking federal jurisdiction, Plaintiff bears the burden of demonstrating that he has standing to sue. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). To establish Article III constitutional standing, "a plaintiff must show an 'injury in fact' that is 'fairly traceable' to the defendant's conduct and 'that is likely to be redressed by a favorable judicial decision.'" *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1302 (2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). The "irreducible constitutional minimum of standing" requires an "injury in fact" that is both "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). Standing under Article III "requires a concrete injury even in the context of a statutory violation." *Spokeo,* 136 S. Ct. at 1549. Accordingly, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549 (citing *Summers v. Earth Is. Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.")).

A plaintiff must also demonstrate "a causal connection between the injury and the conduct complained of," and "a likelihood that a court ruling in [the plaintiff's] favor would remedy [his] injury." *Id.* As standing is a threshold determinant, the plaintiff must "clearly . . . allege facts demonstrating" standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

In addition to having Article III standing, a plaintiff must establish "whether the statute grants the plaintiff the cause of action that he asserts." *Bank of Am. Corp.*, 137 S. Ct. at 1302. While historically labeled "statutory" or "prudential" standing, the Supreme Court has held that this inquiry does not relate to the Court's constitutional power to adjudicate the case. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014). Rather, to have statutory "standing," a plaintiff must show that his "'interests fall within the zone of interests protected by the law invoked.'" *Bank of Am. Corp.*, 137 S. Ct. at 1302 (quoting *Lexmark*, 134 S. Ct. at 1388). As a result, the Court looks to the language of the statute under which a plaintiff is requesting relief to determine if that particular plaintiff has statutory or prudential standing to bring a claim.

### A. Article III Standing

The Court finds that Plaintiff does not have Article III standing to bring his RESPA claims. Plaintiff asserts that he was injured as a result of Defendant's failure to comply with various RESPA provisions. However, when Plaintiff initiated loan modification proceedings, he no longer had an ownership interest in the Property or any obligation under the Note. As a result, Plaintiff could never obtain the modification he was requesting. Plaintiff contends that there can be a RESPA violation even when a mortgagor is not entitled to a mortgage modification. Plaintiff is twisting the law. To be certain, lenders and servicers are required to comply with RESPA even when a borrower does not ultimately qualify for a mortgage modification due to inadequate income, credit, or other factors. This case is different. Plaintiff was never entitled to even begin the process for mortgage modification – his request was an impossibility. Therefore, his "injuries" are conjectural, and quite frankly, a legal fiction. Even if Defendant did fail to meet the requirements of RESPA, Defendant's "bare procedural violations," are simply not enough to create Article III standing for Plaintiff. *See Spokeo*, 136 S. Ct. at 1548-49 (a plaintiff "cannot satis-

fy the demands of Article III by alleging a bare procedural violation."); *Meeks v. Ocwen Loan Servicing LLC,* 681 F. App'x 791, 793 (11th Cir. 2017) ("Meeks suffered at most "a bare procedural violation," and he cannot show that he suffered a real, concrete injury from Ocwen's actions."); *see also Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 873-74 (11th Cir. 2010) (finding that plaintiff's complaint "fails to establish Article III standing, because [plaintiff] was not a borrower or otherwise obligated on the Ocwen loan and, therefore, did not suffer an injury-in-fact."). Were the Court to hold otherwise, any individual could initiate loan modification proceedings with a loan servicer, perhaps for their neighbor or family member, in the hopes that the loan servicer would commit a procedural violation subject to attorney's fees. The requirements of Article III of the Constitution prohibit such an absurd result.

In addition, even if Plaintiff could establish a concrete injury, he must still establish a causal link between the Defendant's action and his harm. *Spokeo*, 136 S. Ct. at 1549. Plaintiff cannot do so. Plaintiff initiated frivolous loan modification proceedings, effectively causing his own "harm." Accordingly, Plaintiff has not established a link between his alleged harm (costs and emotional distress) and Defendant's purported RESPA violations.

### B. Prudential/Statutory "Standing"

Even if Plaintiff had Article III standing to bring this RESPA action, the Court finds that he does not have statutory standing as he no longer qualifies as a borrower.

Only a "borrower" may bring a civil claim under RESPA. *See* 12 U.S.C. § 2605; 12 CFR § 1024.41(a); *see also Johnson*, 374 F. App'x at 874 (holding that plaintiff failed to establish the prudential requirements for standing because she was not a borrower); *Washington v. Green Tree Servicing LLC,* No. 15-cv-354, 2017 WL 1857258, at *3 (S.D. Ohio May 5, 2017) (holding that RESPA and Regulation X apply only to borrowers); *Correa v. BAC Home Loans Servicing LP,* 853 F. Supp. 2d 1203, 1207 (M.D. Fla. 2012) ("Thus, a defendant's liability in a civil action un-

8

der RESPA is limited to borrowers."). The statute does not define borrower, however courts consistently hold that a borrower is someone who either signed the note or who is otherwise obligated under the mortgage. *See Washington,* 2017 WL 1857258, at *4 (discussing cases). While Plaintiff was once a borrower under the note and mortgage, he is no longer obligated under either instrument. Indeed, he was fortunate enough to lose his status as a "borrower" when the bankruptcy court discharged his debt. *See e.g. Lee v. Yeutter,* 106 B.R. 588, 591 (D. Minn. 1989) (holding that farmers were no longer considered borrowers under Agricultural Credit Act's loan restructuring scheme after being discharged of their debt in bankruptcy.). Accordingly, Plaintiff has no statutory standing to bring his RESPA claims.[6]

## II. NEGLIGENCE CLAIM

The Court declines to exercise supplemental jurisdiction over Plaintiff's negligence *per se* claim. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.") (citations omitted).

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Carrington's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 27] is GRANTED. This action is DISMISSED for lack of subject matter jurisdiction.

2. Carrington's Motion to Dismiss Amended Complaint [ECF No. 21], to the extent it raises issues relating to Plaintiff's lack of standing, is GRANTED.

3. Carrington's Motion for Summary Judgment [ECF No. 53] and Plaintiff's Motion for

---

[6] Because the Court finds that Plaintiff does not have standing, it need not address Defendant's additional arguments for dismissal.

Partial Summary Judgment as to Liability only on Counts I, III, and IV of the First Amended Complaint [ECF No. 55] are DENIED as MOOT.

4. Defendant's Motion for Rule 11 Sanctions [ECF No. 65] is DENIED. While the Court acknowledges that Plaintiff initiated a case in which he (and his counsel) knew or should have known that Plaintiff had no standing, it does not think sanctions, beyond dismissal, are warranted at this time.

5. This action is CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of December, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE